# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CV 3093 | **DATE** | August 3, 2010 |
| **CASE TITLE** | \multicolumn{3}{l|}{JEFFREY S. REINICHE, DR. ARTHUR CHAUSMER, and GARY POST, derivatively on behalf of HEALTH ALLIANCE HOLDINGS, INC., derivatively on behalf of HA HOLDINGS, INC. v. JAMIE MARTIN, CURTIS LANE, ANDREW M. PAUL, KEVIN SWAN, MTS HEALTH ALLIANCE, LLC, ASHCROFT ASSOCIATES, LLC, JAMES KELLY, ALLEN PALLES, JOHN HENNESSY, JOHN SABALASKEY, M-1, LLC, SCOGGIN CAPITAL MANAGEMENT, L.P. II, SOUTHERN DIVERSIFIED BUSINESS SERVICES, INC., JON KAIDEN, SELECT CAPITAL VENTURES I, L.P., E.B. MARTIN, JR., HA ACQUISITION, LLC, and EBM VENTURES, LLC} |

**DOCKET ENTRY TEXT:**

Plaintiffs' motion for sanctions (126) is denied.

# STATEMENT

Plaintiffs Reiniche, Chausmer and Post ("Individual Plaintiffs") have been shareholders of Health Alliance Holdings, Inc., ("HAH") a Delaware corporation, since 2002. They brought suit to compel HAH to sue derivatively on behalf of HA Holdings for breaches of fiduciary duty by the directors and shareholders of HA Holdings. This is essentially a double derivative suit. Because the allegations in this case involve a string of complicated facts that are irrelevant to this motion, I will save a recitation of the facts for a later date. Important to this motion is the fact that HA Acquisition, LLC, a defendant in this case, is now known as Prevalence Holdings, LLC; Prevalence Holdings is the sole member of Prevalence Health, LLC.

On August 19, 2009, I informed the parties that I had considered Defendant's pending and fully briefed motion to dismiss, and that I was prepared to issue my opinion and enter an order of dismissal within a few days. The following day, Plaintiffs filed an emergency motion to take the deposition of Jeff Pitts ("Pitts"). Pitts is a principal IT employee or consultant for Prevalence (and former HA Acquisition employee). According to Plaintiffs, Pitts had advised a fellow colleague, David Walker, that "there was some electronically stored information" in a Health Alliance computer pertaining to certain actions of Defendant John Hennessy. On June 9, 2009, Prevalence Health had filed a Chapter 11 bankruptcy proceeding in the Southern District of Mississippi. As part of this proceeding, Prevalence Health sought to sell all assets by September 2009, with a hearing to approve the sale on September 1, 2009. On November 10, 2008,

**STATEMENT**

Plaintiffs' counsel had sent a letter to bankruptcy counsel for Prevalence Health, Stephen W. Rosenblatt ("Rosenblatt"), seeking to preserve records including electronically stored information. Fearing that the computers (and the date contained therein) would be scrubbed and sold as part of the bankruptcy, Plaintiffs sought to depose Pitts, presumably so they could identify the data they needed, determine where it was stored, and attempt to preserve it. I granted Plaintiffs' motion, and delayed entry of the memorandum opinion and order.

On August 26, 2009, Plaintiffs' counsel sent a letter to Rosenblatt informing him of my order granting Plaintiffs' motion to depose Pitts. The following day, Plaintiffs' counsel left Rosenblatt a voice mail in an attempt to arrange the deposition.

On August 29, Plaintiffs' counsel spoke to counsel for Pitts, who advised him that he was prepared to accept service of a subpoena for Pitts. The next day, Plaintiffs' counsel sent the subpoena, and on August 31, Plaintiff filed a notice of expedited deposition of Pitts, which announced that the deposition was scheduled for September 3, 2009. Plaintiffs' counsel began to make arrangements for the deposition, including the provision of video conferencing services.

On August 31, 2009, Rosenblatt faxed to Plaintiffs' counsel a letter in which he stated that Prevalence "cannot preserve the information" requested in the preservation letter, citing undue burden on and expense to a party that is not a defendant in this case. Rosenblatt pointed out that Plaintiffs had made no offer to pay for the requested preservation or to indemnify the bankruptcy estate for any opportunity costs associated with the preservation. The letter invites a response from Plaintiffs' counsel with any suggestions as to how the burden on Prevalence accompanying any preservation might be eased. The following day, Plaintiffs' counsel tried to reach Rosenblatt and left him a voice mail. Later that day, Plaintiffs' counsel decided that Rosenblatt had instructed Pitts not to respond to questions regarding the computer system. According to Plaintiffs, Rosenblatt suggested that the only way for Plaintiffs to obtain the information they wanted was by means of a deposition notice pursuant to Federal Rule of Civil Procedure 30(b)(6). Plaintiffs cancelled the pending deposition.

On September 2, 2009, Rosenblatt filed in the Mississippi bankruptcy court an amended motion for a protective order prohibiting parties in this case from requiring the preservation of electronically stored information and taking Pitts's deposition.

On September 3, 2009, Plaintiffs filed a motion to compel discovery and for sanctions pursuant to Federal Rule of Civil Procedure 37. I granted the motion in part, ordering that Pitts deposition be taken and that Plaintiffs bear the cost of preserving any electronic information. Pitts deposition was taken on September 8, 2009. On September 22, after the sale of Prevalence's assets, Defendants filed a motion to require Plaintiffs to specify documents that might need to be preserved should the appellate court reverse this Court's dismissal. In their motion, Defendants note that the order of the Bankruptcy Court approving the sale expressly requires the purchaser to comply with any order this Court may enter to preserve records and electronically stored information. I ordered a response by October 1, 2009, and again by February 22, 2010, after Plaintiffs' counsel sought an extension. To date, no response has been filed.

On April 30, 2010, the Defendants Jamie Martin, E.B. Martin, Jr., HA Acquisitions, LLC, and EBM Ventures, LLC (the "Martin Defendants") moved for entry of the dismissal order. The motion notes that on April 5, 2010, after hearing nothing from Plaintiffs' counsel on the matter, counsel for the Martin Defendants forwarded to Plaintiffs a $15,000.00 estimate for the imaging and preservation of the servers at issue.

**STATEMENT**

Plaintiffs did not respond.

On May 13, Plaintiffs filed the motion for sanctions that is presently before me. In it, Plaintiffs argue that pursuant to Rule 37, they are entitled to $3,804.36 in costs for the Pitts deposition (including air travel for one of Plaintiffs' counsel, and transcript, video hookup, and facilities fees), and $15,000.00 for the costs of preservation of records. I denied Plaintiffs' request for preservation fees, but set a briefing schedule on the issue of the costs for the Pitts deposition. For the following reasons, Plaintiffs' motion for sanction in the amount of $3,804.36 is denied.

Rule 37(a) "presumptively requires" every loser to pay the attorneys' fees and costs that the prevailing party incurred in connection with a motion to compel. *Rickels v. City of South Bend*, 33 F.3d 785, 786-87 (7th Cir.1994). However, the court must not order payment where the movant filed the motion before making a good faith effort to obtain the discovery. Local Rule 37.2 prohibits courts from hearing

> any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

Defendant HA Acquisition (now Prevalence Holdings) maintains that Plaintiffs have failed to comply with the local rule, as they made no attempt to resolve the issues presented here prior to the filing of the September 3, 2009 motion to compel. Instead, Plaintiffs' counsel chose to deal directly with Prevalence Health's bankruptcy counsel in Mississippi, rather than attempt to resolve the issues with the attorneys representing HA Acquisition in this proceeding. Defense counsel argues that it was cut out of the process, and that as soon as it was included, the matter was resolved. Defendant notes that on September 4, after the hearing on the motion to compel, lead counsel for HA Acquisition, Steven J. Roeder, contacted bankruptcy counsel Rosenblatt and demanded, on the Martin Defendants' behalf, that the Motion for Protective Order prohibiting preservation and the Pitts deposition be withdrawn. The motion, which was never presented to the bankruptcy court, was then withdrawn.

Plaintiffs' counsel responds that counsel for HA Acquisition was on notice of the expedited deposition, and also knew of the subsequent cancellation of the deposition based on Rosenblatt's objection. HA Acquisition "took no action to stop the interference" by Rosenblatt. Plaintiffs' counsel also refers to the record from the September 4 hearing in which Jordan D. Shea, counsel for HA Acquisition, characterized the issue as a dispute between Plaintiffs and Prevalence, and in summarizing his client's position, explained "we filed a motion in the bankruptcy court seeking a protective order." From this, Plaintiffs' counsel suggests, we can infer HA Acquisitions was at least partly responsible for interfering with the Pitts deposition.

I decline to award sanctions on these grounds. Plaintiffs' counsel did not contact counsel for HA Acquisition in order to resolve the issue. It is true that counsel did, in good faith, reach out to Prevalence's bankruptcy counsel in order to arrange the deposition, and that HA Acquisition knew that the deposition was cancelled based on Rosenblatt's objections. However, Roeder's September 4, 2009 letter to Rosenblatt reveals that he learned of the protective order for the first time on September 4, the day the motion to compel

**STATEMENT**

was presented to this Court. Roeder had been actively engaged in a preliminary injunction matter in another court and could not attend the hearing; nor was Roeder aware that the circumstances surrounding the Pitts deposition had deteriorated as they had. It was only on September 1 that the notice of cancellation was filed. While Rosenblatt's objection to the taking of the deposition may have been inappropriate, and the motion for protective order unwise, Plaintiffs' counsel made no attempt to consult with counsel for HA Acquisition. While HA Acquisition/Prevalence Health is the only member of Prevalence Health, the two are not the same entity and each has its own counsel. As soon as HA Acquisition's counsel learned of the protective order, he called Rosenblatt and sent a lengthy letter explaining this Court's order and the consequences of further interference in the taking of the Pitts deposition. Taken together, these facts suggest not that counsel for HA Acquisition was responsible for the interference, but rather that counsel for HA Acquisition tried to stop the interference when it learned of it. Shea's argument that the dispute was one between HA Acquisition and Prevalence may not be a total mischaracterization in that HA Acquisition was not consulted by Plaintiffs' counsel regarding the Pitts deposition. While Shea's use of the word "we" suggests that HA Acquisitions participated in the decision to file the motion for protective order, there is contradicting evidence in the record, and Shea's utterance is not enough to warrant sanctions.

For the foregoing reasons, Plaintiffs' motion for sanctions is denied.