NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1



# United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 4, 2011[*]
Decided February 23, 2012

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 10-3753 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| JEFFREY S. REINICHE, et al., *Plaintiffs-Appellants*, | |
| v. | No. 08 C 3093 |
| JAMIE MARTIN, et al., *Defendants-Appellees*. | James B. Zagel, *Judge*. |

### Order

When this court questioned the basis of subject-matter jurisdiction initially asserted in this appeal, it issued a series of orders requiring the parties to provide all details necessary to establish the citizenship of the parties. After several rounds of filings, the parties finally agreed that complete diversity of citizenship is absent, because some members of the defendant limited liability companies are citizens of the same three states as the plaintiffs.

After this agreement was reached, one group of defendants asserted that jurisdiction nonetheless could be based on 28 U.S.C. §1334, because the litigation

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

is related to a bankruptcy. The other litigants then embraced that position. The problem with it, however, is that the jurisdiction under §1334 is available only when the suit will affect the assets available for distribution to creditors or the administration of a bankruptcy estate. See *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987). The outcome of this litigation cannot affect any estate in bankruptcy.

This is a derivative suit. Three investors (Reiniche, Chausmer, and Post) seek to pursue a claim on behalf of a business entity. A fourth investor (Swift), who had filed for bankruptcy in 2005, made a similar claim and filed suit on it in 2007 without notifying the bankruptcy Trustee or his creditors. The Trustee learned of this evasion, took over the suit, and sold or settled the claim for $10,000. Swift's suit has been dismissed. Reiniche, Chausmer, and Post filed their own suit in 2008. Nothing that happens in this suit can affect the creditors in the Swift bankruptcy, so the requirements of §1334 have not been satisfied.

This leads the litigants to contend that this suit may be maintained in federal court under the supplemental jurisdiction, 28 U.S.C. §1367, because it entails the same derivative claim as the one Swift commenced. But §1367 does not allow one entire *suit* to be treated as "supplemental" to another. Section 1367 deals with multiple *claims* in a single suit. No claim in this suit has ever been within federal jurisdiction, so §1367 is inapplicable.

The premise of the parties' current approach is that, once any aspect of a controversy is properly in federal court, all disputes related to that controversy also are within federal jurisdiction. The Supreme Court held otherwise in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), and *Peacock v. Thomas*, 516 U.S. 349 (1996). Each dispute submitted for resolution requires its own basis of federal jurisdiction. This suit has none.

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for want of subject-matter jurisdiction.